DENNIS GALE NICHOLSON, APPELLANT, V.
GENERAL CASUALTY COMPANY OF WISCONSIN, APPELLEE.
LUANN NICHOLSON, APPELLANT, V.
GENERAL CASUALTY COMPANY OF WISCONSIN, APPELLEE.
587 N.W. 2d 867

Filed January 15, 1999.   Nos. S-97-560, S-97-561.

David B. Latenser, of Latenser & Johnson, P.C., for appellants.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## BACKGROUND

On August 2, 1991, appellant Dennis Gale Nicholson was injured in a motor vehicle accident when a motor vehicle owned and operated by Herbert G. Theobald collided with Dennis' vehicle. Theobald was covered under an automobile liability policy issued by Union Insurance Company for $50,000 per accident. Union Insurance subsequently paid the entire $50,000

to Dennis in exchange for its release. At the time of the accident, Dennis was operating a vehicle owned by his employer, R.S. Stover Company. The vehicle was insured under a policy of motor vehicle insurance issued by Royal Insurance Company. That insurance policy provided underinsured motorist coverage up to a limit of $500,000 for bodily injury caused by any one accident. Dennis and his wife, appellant LuAnn Nicholson, also had their own policy of automobile insurance with appellee, General Casualty Company of Wisconsin, which provided underinsured motorist coverage up to $300,000 per accident. On March 10, 1995, Dennis made a claim against the underinsured motorist coverage provided under the General Casualty policy, requesting payment of the limit of coverage. LuAnn filed a separate action, seeking to recover benefits for loss of consortium under the same policy provisions. General Casualty refused to pay the claims of the Nicholsons. The Nicholsons filed this consolidated action to recover for their loss from the underinsured motorist provisions of the General Casualty policy. The parties stipulated that Dennis' and LuAnn's separate actions be consolidated for all purposes.

The case was heard on General Casualty's motion for summary judgment and the Nicholsons' motions for summary judgment on the issue of liability and for fees taxed as costs. The trial court granted General Casualty's motion for summary judgment and denied the Nicholsons' motions. The Nicholsons timely appealed. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

The Nicholsons assign that the trial court erred in (1) failing to hold that under the revised version of Neb. Rev. Stat. § 60-578 (Reissue 1993), an insured's own carrier must compensate the insured to the limit of the carrier's underinsured motorist coverage if, after payments by any other legally liable person or organization pursuant to Neb. Rev. Stat. § 60-580 (Reissue 1993), the insured still has not been fully compensated for his or her injuries; (2) failing to hold that the amount for which the insured's own carrier can be liable for underinsured coverage is

no longer the difference between the limit of the carrier coverage and amounts already paid to the insured by legally liable persons or organizations, but, instead, that it is the difference between the damages sustained by the insured and the amounts already paid to the insured by any legally liable person or organization, with the condition that the maximum liability of the insured's own carrier cannot exceed the liability limit for underinsured coverage set out in the insured's policy; (3) improperly overruling the Nicholsons' motion for fees taxed as costs pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1998); and (4) improperly dismissing the Nicholsons' petitions against General Casualty, the excess underinsured coverage carrier, where no payment was made to the Nicholsons by Royal Insurance, the primary underinsured coverage carrier.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998); *Chalupa v. Chalupa*, 254 Neb. 59, 574 N.W.2d 509 (1998).

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998); *Houghton v. Big Red Keno*, 254 Neb. 81, 574 N.W.2d 494 (1998).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Father Flanagan's Boys Home v. Dept. of Soc. Servs.*, ante p. 303, 583 N.W.2d 774 (1998); *Fitzke v. City of Hastings*, ante p. 46, 582 N.W.2d 301 (1998).

## ANALYSIS

At the time of the August 2, 1991, motor vehicle accident from which the Nicholsons' claims arise, the following statutes were in effect. Section 60-580 states:

(1) In the event an insured is entitled to underinsured motorist coverage under more than one policy of motor vehicle liability insurance, the maximum amount an insured may recover shall not exceed the highest limit of any one such policy.

(2) When multiple policies apply, payment shall be made in the following order of priority, subject to the limit of liability for each applicable policy:

(a) A policy covering a motor vehicle occupied by the injured person at the time of the accident;

(b) A policy covering a motor vehicle which came into contact with the insured while a pedestrian; and

(c) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

Section 60-578 states:

The maximum liability of the insurer under the underinsured motorist coverage shall be the amount of damages for bodily injury, sickness, disease, or death sustained by the insured less the amount paid to the insured by or for any person or organization which may be held legally liable for the bodily injury, sickness, disease, or death, but in no event shall the maximum liability of the insurer under such coverage be more than the limits of the underinsured motorist coverage provided.

The trial court relied on § 60-580 in granting General Casualty's motion for summary judgment, reasoning that because Royal Insurance was second in the order of payment priority, the Nicholsons would receive the maximum $500,000 as determined by § 60-580(1) before any claim against their General Casualty coverage could arise.

The Nicholsons argue that § 60-578 requires an insured's own underinsured motorist carrier to compensate the insured to the limit of its coverage if the insured has not been fully compensated for his or her injuries by payments received from other carriers pursuant to § 60-580. We disagree. Although § 60-578 deals generally with the maximum *liability* of an insurer providing underinsured motorist coverage, § 60-580 establishes the maximum *recovery* of an insured in the specific circumstances

where he or she is entitled to coverage under more than one underinsured motorist policy and, further, establishes the priority by which payments under such policies are to be made. Dennis is an insured under both the $500,000 underinsured motorist coverage issued by Royal Insurance to his employer and the $300,000 underinsured motorist coverage contained in his General Casualty policy. Under the plain language of § 60-580(1), his maximum underinsured motorist recovery would be $500,000, the highest limit of the two applicable policies. Under § 60-580(2), Royal Insurance's underinsured motorist coverage would be primary to that of General Casualty. Thus, if Dennis' damages were not fully compensated by payments from the tort-feasor's liability insurer (Union Insurance), Royal Insurance's underinsured motorist coverage would apply. If receipt of all or part of that coverage resulted in full compensation of his personal injury claim, he would have no basis for any additional claim under the General Casualty coverage. Moreover, even if payment of the full amount of the Royal Insurance coverage did not result in full compensation, Dennis would have no right to recover under the General Casualty coverage because he would have already received the maximum underinsured motorist recovery permitted under § 60-580, i.e., the highest limit of the two applicable policies.

However, this does not resolve the appeal. As the party moving for summary judgment, General Casualty had the burden to show that no genuine issue of material fact existed and to produce sufficient evidence to demonstrate that it was entitled to judgment as a matter of law. See, *Chalupa v. Chalupa*, 254 Neb. 59, 574 N.W.2d 509 (1998); *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998). Therefore, General Casualty was required to demonstrate that under the facts of this case, it could not have liability under its underinsured motorist coverage for claims arising from the August 2, 1991, accident. If Dennis were the only person seeking damages for injuries sustained in that accident, we agree that General Casualty would be entitled to judgment as a matter of law for the reasons stated above. However, the record reflects that LuAnn has asserted claims against both Royal Insurance and General Casualty for loss of consortium sustained as a result of Dennis'

injuries. Although there is evidence that Union Insurance tendered its liability insurance limits of $50,000 "in exchange for Releases from Plaintiffs," the record does not establish what portion of this payment LuAnn received or whether she has been fully compensated by such payment. Nor does the record reflect whether payments have been made by Royal Insurance to either Dennis or LuAnn under its underinsured motorist coverage. There is no evidence of the total damages sustained by each of the Nicholsons, and the record is silent as to whether persons other than the Nicholsons have pending or settled claims against Royal Insurance arising from the August 2 accident.

On the basis of this record, it cannot be said as a matter of law that General Casualty has no liability to the Nicholsons. For example, if each received 50 percent of the Royal Insurance underinsured motorist policy limit and still had uncompensated damages, each would have a right to seek recovery from General Casualty for his or her uncompensated damages or the remaining $250,000 of their maximum underinsured motorist recovery permitted under § 60-580(1), whichever is less, subject to the maximum limits of the General Casualty policy as provided by § 60-578. Thus, the record does not contain uncontroverted facts establishing that General Casualty is entitled to judgment as a matter of law, and summary judgment was therefore improper. We reverse, and remand to the district court for further proceedings consistent with this opinion.

## CONCLUSION

For the reasons stated above, the summary judgment in favor of General Casualty is hereby reversed, as is the denial of the Nicholsons' motion for fees to be taxed as costs, and this cause is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.