REINKE MANUFACTURING COMPANY, INC., A NEBRASKA
CORPORATION, APPELLANT, V. EDWARD DAVID HAYES,
DOING BUSINESS AS E-H ENGINEERING, APPELLEE.
590 N.W. 2d 380

Filed March 12, 1999.    No. S-98-101.

Joseph H. Murray, of Germer, Murray & Johnson, and Gregory C. Damman for appellant.

Robert T. Grimit and Darin J. Lang, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## I. INTRODUCTION

This is an action arising from a contract for engineering design services. Appellant, Reinke Manufacturing Company, Inc. (Reinke), appeals from an order granting summary judgment to appellee, Edward David Hayes, doing business as E-H Engineering (Hayes), on the basis that Reinke's claims were barred by the 2-year statute of limitations applicable to professional negligence, Neb. Rev. Stat. § 25-222 (Reissue 1995). For the reasons that Reinke's professional negligence claims accrued more than 2 years prior to the filing of its cause of action and we find no exception tolling the statute of limitations, we affirm.

## II. FACTUAL BACKGROUND

Reinke is a Nebraska corporation engaged in the manufacture and sale of agricultural center-pivot irrigation systems. On June 18, 1991, Reinke entered into an agreement for "engineering design services" with Hayes. The agreement established that Hayes would provide Reinke with engineering design services for the review, design, development, and documentation of the "CENTER PIVOT MASTER CONTROLLER SYSTEM" (the system).

In the spring of 1992, Reinke manufactured and sold approximately 35 center-pivot irrigation systems that were equipped with the system designed and developed by Hayes pursuant to the agreement. Thereafter, Reinke began receiving complaints from its customers regarding the system. After receiving these complaints, Reinke, with the assistance of Hayes, undertook to

correct the reported problems. On November 7, Reinke created a document that detailed the alleged defects and deficiencies of the system which were known to Reinke at that time.

Reinke alleges that in February 1993, it decided to seek the assistance of another engineering firm to work with Hayes toward solving the reported problems with the system. On May 7, Reinke hired engineers from Applied Micro Technology to work on the system. Although Hayes contends that he had completed all design and engineering work or services for Reinke prior to November 16, 1992, Reinke alleges that Hayes continued to work on the system and consult with Reinke until July 1993. Reinke further asserts that it did not became aware of the full extent and magnitude of the defects contained in the system until July 1993, when the new engineers advised Reinke that it would take more than minor fine-tuning and adjustment to correct the problems its customers had reported. On November 17, 1993, Reinke wrote a letter to Hayes and made a specific demand for damages resulting from the alleged design defects.

### III. PROCEDURAL BACKGROUND

On November 30, 1994, Reinke filed a petition in the district court for Thayer County, Nebraska, alleging that Hayes had been negligent and had breached his contract with Reinke. In response, Hayes filed a demurrer, which the court sustained on the ground that Reinke failed to allege a fundamental act of negligence independent of the service contract. On February 5, 1996, Reinke filed a second amended petition, to which Hayes demurred on several grounds, including the statute of limitations. The trial docket states that Hayes' special demurrer to the negligence portion of the amended petition was sustained but that the balance of the demurrer was overruled. Reinke was then given another opportunity to amend its pleading, and on March 3, 1997, Reinke filed a third amended petition. Hayes again responded by filing a demurrer.

Although the record is unclear whether the court sustained or overruled Hayes' demurrer to Reinke's third amended petition, the court noted in its entry on the trial docket that Reinke's third amended petition did not plead a tort or tort damages. The court further stated that it appeared that a tort could not be pled and

instructed Hayes to further plead. On June 10, 1997, Hayes filed an answer to Reinke's third amended petition. Hayes then filed a motion for summary judgment asserting that Reinke's claims were barred by the applicable statute of limitations, § 25-222. In sustaining Hayes' summary judgment motion, the court noted in the trial docket that "E-H Engineering is a professional" and that Reinke knew the system had substantial problems based, in part, upon the complaints that Reinke's customers had made prior to November 1992. Reinke timely appealed the district court's decision to the Nebraska Court of Appeals. We removed the case to our docket pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## IV. ASSIGNMENTS OF ERROR

Reinke contends the district court erred in (1) finding Reinke's cause of action for breach of contract time barred by § 25-222; (2) finding that Reinke's cause of action accrued more than 2 years prior to the time Reinke filed its petition; (3) not finding that the continuous representation rule applied to the professional relationship between the parties and, thereby, tolled the statute of limitations; and (4) sustaining Hayes' demurrer to Reinke's third amended petition because Reinke was entitled to plead both tort and contract theories of recovery.

## V. STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999); *Nicholson v. General Cas. Co. of Wis.*, 255 Neb. 937, 587 N.W.2d 867 (1999).

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Kratochvil v. Motor Club Ins. Assn., supra*; *Nicholson v. General Cas. Co. of Wis., supra*.

Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998). See, also, *Kratochvil v. Motor Club Ins. Assn., supra.*

## VI. ANALYSIS

### 1. SUMMARY JUDGMENT

Reinke's first three assignments of error pertain to Hayes' motion for summary judgment, which the district court granted based upon its determination that § 25-222 barred Reinke's claims. Section 25-222 provides:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

With regard to Hayes' motion for summary judgment, Reinke argues that the district court erred in determining that (1) Neb. Rev. Stat. § 25-205 (Reissue 1995) was not the "more applicable" statute of limitations for Reinke's breach of contract claim, (2) Reinke's cause of action accrued more than 2 years prior to filing its claims, and (3) the limitation period was not tolled by Reinke's "continuous relationship" with Hayes pursuant to the contract.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record dis-

close that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Kratochvil v. Motor Club Ins. Assn., supra; Nicholson v. General Cas. Co. of Wis., supra.*

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Kratochvil v. Motor Club Ins. Assn., supra; Nicholson v. General Cas. Co. of Wis., supra.*

(a) Statute of Limitations

Reinke contends the district court erred in determining that the statute of limitations for breach of a written contract, § 25-205, was not the more applicable statute of limitations for its breach of contract claim. Reinke focuses on the " 'breach of warranty' " language in § 25-222 and argues that it should be construed to apply only to a "warranty" arising solely from the existence of the professional relationship and should not apply if a separate writing exists. Brief for appellant at 21. Therefore, Reinke asserts that the "more direct statute" is § 25-205 because it makes an express reference to written contracts and § 25-222 does not. *Id.* Reinke further claims that even if the statutes are equally applicable to a breach of contract, § 25-222 is in conflict with § 25-205, and that therefore, the longer limitation period of § 25-205 should govern.

Section 25-205 is a *general* statute of limitations for written contract claims. See *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999). Additionally, we have held that § 25-222 is a special statute of limitations for professional negligence. *Swassing v. Baum*, 195 Neb. 651, 240 N.W.2d 24 (1976). In *Kratochvil v. Motor Club Ins. Assn., supra*, we stated that, generally, absent a more specific statute, actions on written contracts may be brought within 5 years pursuant to § 25-205. We explained, however, that " '[a] special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject.' " *Kratochvil*

*v. Motor Club Ins. Assn.*, 255 Neb. at 986, 588 N.W.2d at 573 (quoting *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992)). Therefore, if Reinke's claims arise from its professional relationship with Hayes, then § 25-222 is the applicable statute of limitations and § 25-205 is not "more direct" or "equally applicable" to Reinke's breach of contract claim.

By alleging various theories of recovery, Reinke attempts to parse its claims in order to obtain the advantage of longer periods of limitation and avoid the statutory bar of § 25-222. If all of Reinke's claims are based on a single professional relationship, however, they may not be separated into various parts to allow different periods of limitation to be applied. See *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994). In *Swassing v. Baum*, 195 Neb. at 657, 240 N.W.2d at 28, we explained that "we do not believe that the Legislature in adopting the special statute of limitations for professional negligence, section 25-222, R. S. Supp., 1974, intended that the various aspects of the whole professional relationship should be separated . . . ." Therefore, if Reinke's claims are for professional malpractice, whether pled in tort or contract, the statute of limitations for professional negligence contained in § 25-222 applies. See, *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985); *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983).

In determining whether the special statute of limitations for professional negligence applies to Reinke's claims, we must first establish whether Hayes is a professional and, additionally, we must determine whether Hayes was acting in a "professional" capacity. See *Maloley v. Shearson Lehman Hutton, Inc., supra.* Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998). See, also, *Kratochvil v. Motor Club Ins. Assn., supra.*

We conclude Hayes is a professional within the definition set out in *Jorgensen v. State Nat. Bank & Trust*, 255 Neb. 241, 583 N.W.2d 331 (1998). See, also, *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994); *Board of*

*Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988). We have also held that § 25-222 contains the limitations period applicable to an engineer rendering professional services. *Lindsay Mfg. Co. v. Universal Surety Co., supra.*

Notwithstanding, we must determine whether Hayes was acting in a professional capacity in rendering the services upon which Reinke bases its claims. See *Maloley v. Shearson Lehman Hutton, Inc., supra.* In determining whether a particular act is of a professional nature or a professional service, the court must look to the nature of the act itself and the circumstances under which it was performed. *Swassing v. Baum*, 195 Neb. 651, 240 N.W.2d 24 (1976). A professional act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge which is attained from often long and intensive preparation and instruction in skills and methods and the scientific, historical, and scholarly principles underlying such skills and methods. *Jorgensen v. State Nat. Bank & Trust, supra.*

Reinke does not dispute that the services upon which it bases its claims against Hayes were anything other than professional engineering services. Reinke's petition and the contract from which Hayes' duty to Reinke arose clearly reflect that the relationship between the parties was entirely based upon an agreement for professional engineering services. All of Reinke's claims refer to the performance of professional engineering services and specifically state the requirement of engineering expertise and training for the performance of the services. Accordingly, Hayes was acting in a professional capacity when he rendered the professional engineering services upon which Reinke bases its claims.

We therefore conclude that the district court properly applied the statute of limitations for professional negligence, § 25-222, to all of Reinke's claims.

(b) Accrual

Reinke also contends the trial court erred in determining that its cause of action accrued more than 2 years prior to the time Reinke filed its petition and that there is a genuine issue of material fact as to when Reinke was "injured." Reinke cites to

*Rosnick v. Marks*, 218 Neb. 499, 504, 357 N.W.2d 186, 190 (1984), in which we explained that the injury contemplated by § 25-222 is "legal injury," and argues that Reinke was not legally injured until after it had given Hayes an opportunity to resolve the problems with the system.

In response, Hayes argues that any alleged claim of malpractice accrued "before the systems were manufactured and sold by Reinke in early 1992" because all of Reinke's allegations relate to the design of the system. Brief for appellee at 12. Hayes asserts that delivery of the design of the system to Reinke constituted the last time Hayes could have committed any act or omission in rendering or failing to render professional services.

Reinke argues, however, that Hayes' work was not complete when the system was delivered to Reinke or to its customers in early 1992, because delivery of the system to customers was the method by which problems with the system could be identified, documented, and resolved. Reinke contends that a breach of contract or negligence action against Hayes would not have accrued until after Hayes was given an opportunity to correct the problems and failed to do so.

In order to determine when Reinke's cause of action accrued, we first determine what event constituted Reinke's injury. In *Gordon v. Connell*, 249 Neb. 769, 774, 545 N.W.2d 722, 726 (1996), we stated that Nebraska follows the " 'occurrence rule,' " under which a professional negligence suit accrues at the time of the act or omission causing injury. We have characterized the occurrence rule with regard to professional negligence, stating:

> In conjunction with § 25-222 every professional has a duty to render services in a reasonable and prudent manner. A negligent breach of that professional duty invades a legal right of one entitled to receive negligence-free services. Thus, tortious invasion of another's legal right is the triggering device for the statute of limitations.

*Rosnick v. Marks*, 218 Neb. at 505, 357 N.W.2d at 190. We pointed out in *Rosnick v. Marks, supra*, that the Legislature, by selecting the language "act or omission" found in § 25-222, rejected actual damage as the index for inception of the time limit for a suit based on malpractice. Accordingly, a cause of action for professional negligence accrues when the alleged act

or omission in rendering or failure to render professional services takes place. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

In *Lindsay Mfg. Co. v. Universal Surety Co., supra,* a case factually similar to the present case, the defendant engineering firm was employed by the plaintiff to provide design and engineering services and to prepare plans, specifications, and contract documents for the design and construction of a new hazardous waste disposal facility. The design plans included four monitoring wells, the installation of which in December 1982 was found to have contaminated the aquifer underlying the facility. The plaintiff alleged that although it was informed of a problem as early as September 25, 1984, it was not until June 12, 1986, that it was informed that the problem was due solely to the wells, which had been designed by the defendant engineering firm. We determined that the plaintiff's third amended petition essentially alleged negligence in the design and inspection of the wells and that, therefore, by the time the wells were complete in December 1982, the negligent act or omission had taken place. The fact that the plaintiff had not known the contamination of the aquifer was due solely to the alleged negligence in the design of the wells did not alter the date of accrual.

Similarly, all of Reinke's allegations relate to alleged acts of negligence by Hayes in the design of the system. The act or occurrence which constitutes Reinke's injury is manifested in the design of the system. Therefore, any act or occurrence of negligence in the design of the system occurred by the date Hayes had delivered the design to Reinke to begin manufacturing. The fact that Reinke was not aware of the magnitude of its injury does not alter the act or occurrence which constituted the injury. Legal injury is the wrongful act or omission which causes the loss; it is not *damage*, which is the loss resulting from the misconduct. *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984). Accordingly, the last possible date the alleged act of negligence could have occurred was the date Hayes delivered the design to Reinke, prior to the manufacturing of the system, sometime in the spring of 1992.

A period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to

institute and maintain suit. *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985). The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996); *Lindsay Mfg. Co. v. Universal Surety Co., supra.* If the facts in a case are undisputed, the issue as to when the professional negligence statute of limitations began to run is a question of law. *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998).

A limitation period may begin to run even though the nature and extent of the damages are not known. *Witherspoon v. Sides Constr. Co., supra.* It is not necessary that a plaintiff have knowledge of the exact nature or source of the problem, but only that a problem exists. *Lindsay Mfg. Co. v. Universal Surety Co., supra.* See, also, *Gordon v. Connell, supra* (holding that one need not know full extent of one's damages before limitation period begins to run, as statute of limitations can be triggered at some time before full extent of damages is sustained).

We have explained that "[i]n the context of statutes of limitations, 'discovery' refers to the fact that one knows of the existence of an injury or damage, regardless of whether there is awareness of a legal right to seek redress in court." *Weaver v. Cheung*, 254 Neb. at 356, 576 N.W.2d at 778. Accord *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994). Discovery of the act or omission occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Weaver v. Cheung, supra; Gordon v. Connell, supra.*

The district court determined Reinke knew that the system had a substantial problem or problems based, in part, upon whatever complaints that its customers had made prior to November 1992. The undisputed facts of this case demonstrate that Reinke was aware of problems with the system as early as the summer of 1992 when customers began complaining. By November 1992, Reinke had documented a list of alleged defects and deficiencies in the design of the system. Reinke

began discussing the problems in the system with other engineers in November 1992, as evidenced by the document entitled "Design Deficiencies of RAMS Unit CPU Board Designed by EH Engineering," dated November 7, 1992, and a letter from Applied Micro Technology dated November 9, 1992. These facts are sufficient to constitute the existence of an injury prior to November, even though Reinke claims it did not believe it had a legal right to seek redress at that time.

Although Reinke claims it did not know that the problems with the system were unresolvable, Reinke was, nonetheless, on notice of the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to discovery of the injury. See, *Weaver v. Cheung, supra*; *Gordon v. Connell, supra*. Regardless of whether Reinke was aware of the full extent of its injury, Reinke discovered facts sufficient to put it on notice of its injury well within the statutory period of limitations.

Reinke attempts to argue that discovery of the magnitude of the problems with the system, in July 1993, is the occurrence which caused Reinke's injury. As we have explained, however, the act which caused Reinke's injury occurred prior to November 1992. Notwithstanding, assuming Reinke is arguing for this court to apply the discovery exception to its claims and allowing Reinke every favorable inference, Reinke's claims are still barred.

The discovery exception permits an action to be commenced within 1 year from discovery where the cause of action could not have reasonably been discovered during the 2-year limitation period of § 25-222. See *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998). However, if facts are discovered that constitute the basis of a cause of action within 2 years from the alleged act of negligence, the discovery exception to the statute of limitations is inapplicable. *Lindsay Mfg. Co. v. Universal Surety Co., supra*.

We conclude that Reinke had sufficient notice to put it on inquiry of its injury during the 2-year limitation period of § 25-222 and that the discovery exception did not toll the statute.

### (c) Continuous Representation

Reinke next asserts that even if § 25-222 applies to its claims, the district court erred in determining that the limitation period was not tolled by Reinke's "continuous relationship" with Hayes pursuant to the contract between the parties. Reinke argues that because the contract actually contemplated that there would be major problems and that the problems would need to be worked out during the third phase of the project, the cause of action did not accrue until Hayes was given an opportunity to resolve the problems and until Reinke discovered that the major problems could not be resolved. Reinke contends that because the resolution of problems with the system was continuous, an "injury" did not occur until Hayes lost the protection of the contract in July 1993, when Reinke was advised that the problems in the system could not be resolved and, thereby, ended the relationship. Reinke argues that there is a genuine issue of material fact as to when the professional relationship between Reinke and Hayes ended and that, therefore, the court erred in finding that the continuous representation exception did not toll the statute.

Before reaching a factual determination of when the relationship between Hayes and Reinke ended, we must first establish whether the contractual relationship between the parties was sufficient to create a continuous relationship that would toll the statute. In order for a continuous relationship to toll the statute of limitations regarding a claim for malpractice, there must be a continuity of the relationship and services for the same or related subject matter after the alleged professional negligence. *McCook Equity Exchange v. Cooperative Serv. Co.*, 230 Neb. 758, 433 N.W.2d 509 (1988). We explained in *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983), that continuity does not mean mere continuity of the general professional relationship.

While it may be true that the contract between Reinke and Hayes contemplated that there may be "major problems" with the system, it did not go so far as to toll the statute of limitations by establishing a continuous relationship between the parties. The contract between Reinke and Hayes does not clearly establish a continuity of the services or relationship. There is no indi-

cation that the parties actually contracted for a certain time-frame or to continue the relationship until the resolution of major problems with the system. The contract simply provides for professional design services and acknowledges that there will be several phases in the project. In the section entitled "Phase III," the contract states, in relevant part, that "[d]uring this Phase *hopefully* all major problems will have been resolved and documented." (Emphasis supplied.) At the time of contracting, the estimated time and costs of "Phase III" were evaluated as " 'unknown at this time.' " This language is clearly not sufficient to establish a continuous relationship throughout the resolution of major problems with the system.

Notwithstanding, even assuming the contract went far enough to establish a continuous relationship, the continuous representation rule is inapplicable when the claimant discovers the alleged negligence prior to the termination of the professional relationship. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994); *Economy Housing Co. v. Rosenberg*, 239 Neb. 267, 475 N.W.2d 899 (1991). In *Economy Housing Co. v. Rosenberg, supra*, we stated that the appellant could not avail itself of the continuous representation rule, as the tort committed was neither continuous nor unlikely to be discovered prior to the termination of the professional relationship.

Reinke contends that it could not have discovered its injury prior to the termination of the professional relationship because the contract specifically contemplated that the parties would continue to work together to resolve any "major problems." Reinke, therefore, asserts that it could not have been injured until Hayes was no longer working with Reinke to resolve the major problems. Here, as in *Economy Housing Co. v. Rosenberg, supra*, however, Reinke discovered facts constituting notice of the alleged acts of negligence prior to the date Reinke alleges to be the termination of the professional relationship. There is adequate evidence in the record to establish that Reinke was put on inquiry of Hayes' alleged negligence at least by November 1992, well within 2 years of the alleged act or occurrence causing the injury and prior to the date Reinke alleges to be the termination of the professional relationship.

Accordingly, we find the contract between the parties insufficient to create a continuous relationship for purposes of applying the continuous representation exception, and further, even if a continuous relationship could have been established between the parties, the continuous representation exception would have been inapplicable under the facts of this case. It is therefore irrelevant when the professional relationship between the parties ended, and we find that § 25-222 was not tolled with respect to any of Reinke's claims against Hayes.

## 2. DEMURRER

Reinke's final assignment contends the district court erred in sustaining Hayes' demurrer to Reinke's third amended petition. Reinke argues that the district court erred in forcing it to elect between consistent theories of recovery and that it should have been allowed to allege a negligence claim based in tort, in addition to its breach of contract claim. The record, however, is unclear as to what the trial court actually did with regard to Hayes' demurrer to Reinke's third amended petition. There is no order or notation in the record indicating that Hayes' demurrer was sustained in whole or in part. Nonetheless, Reinke argues that it is important for this court to decide what legal theories it may allege so that a longer statute of limitations period may be applied.

Even assuming Reinke's negligence claim was dismissed pursuant to Hayes' demurrer, such action is irrelevant to the disposition of this cause. As we have stated above, whether pled in tort or contract, § 25-222 applies to all of Reinke's claims against Hayes for professional malpractice. See, *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985); *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983). We, therefore, do not address Reinke's arguments with regard to this last assignment.

## VII. CONCLUSION

The district court properly granted Hayes' motion for summary judgment on the basis that all of Reinke's claims were barred by the 2-year limitation for professional negligence.

AFFIRMED.