STATE OF NEBRASKA, APPELLANT, V.
CLARENCE VICTOR, APPELLEE.

612 N.W.2d 513

Filed June 30, 2000.    No. S-99-816.

Don Stenberg, Attorney General, and J. Kirk Brown for appellant.

Betty L. Egan and Mark A. Weber, of Walentine, O'Toole, McQuillan & Gordon, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## FACTUAL AND PROCEDURAL BACKGROUND

Clarence Victor was convicted of first degree murder and sentenced to death in 1988. This court affirmed Victor's conviction and sentence in *State v. Victor*, 235 Neb. 770, 457 N.W.2d 431 (1990). This court also affirmed the subsequent judgment of the district court denying Victor postconviction relief in *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993). The facts of Victor's crime are more fully set forth in those opinions, but are not relevant to the current appeal.

In 1998, the Legislature amended Neb. Rev. Stat. § 28-105.01 (Cum. Supp. 1998), which now provides, in relevant part:

(2) Notwithstanding any other provision of law, the death penalty shall not be imposed upon any person with mental retardation.

(3) As used in subsection (2) of this section, mental retardation means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior. An intelligence quotient of seventy or below on a reliably administered intelligence quotient test shall be presumptive evidence of mental retardation.

(4) Within one hundred twenty days after July 15, 1998, a convicted person sentenced to the penalty of death prior to July 15, 1998, may bring a verified motion in the district court which imposed such sentence requesting a ruling that the penalty of death be precluded under subsection (2) of this section and that the sentence be vacated. The court shall cause notice of each such request to be served on the county attorney, grant a prompt hearing on the request, and determine the issues and make findings of fact with respect to the request. If the court finds by a preponderance of the evidence that the convicted person is a person with mental retardation, the sentence of death shall be vacated and a sentence of life imprisonment imposed.

Victor filed a motion in the district court pursuant to the amended § 28-105.01. The district court determined that based upon the evidence presented, Victor was mentally retarded, as defined by § 28-105.01. The district court vacated Victor's death sentence and imposed a sentence of life imprisonment.

## ASSIGNMENT OF ERROR

The State's sole argument is that § 28-105.01(4) is unconstitutional in that it grants the judiciary the power to commute an already final sentence, in violation of the separation of powers clause of the Nebraska Constitution.

## ANALYSIS

Victor argues that the State waived its constitutional argument by failing to raise it in the district court. A review of the record supports Victor's claim that the argument was not raised below. The State is attempting to raise the claim jurisdictionally, arguing that if § 28-105.01(4) is unconstitutional, then the judgment is void and can be attacked at any time.

The record shows that the State did not raise its sole assignment of error in the trial court. This court has consistently and repeatedly held that a constitutional question not properly raised in the trial court will not generally be considered on appeal. See, e.g., *State v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995); *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992). See, also, *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994), *abrogated on other grounds, State v. Morris*, 251 Neb. 23, 554 N.W.2d 627 (1996); *State v. Criffield*, 241 Neb. 738, 490 N.W.2d 226 (1992).

## CONCLUSION

The sole assigned error by the State in the instant case was waived by the State due to its failure to present the constitutional claim to the trial court. As the State has no other assignments of error, the judgment of the trial court is affirmed.

AFFIRMED.