615 N.W.2d 460 (2000)
260 Neb. 63
ALEGENT HEALTH BERGAN MERCY MEDICAL CENTER et al., appellees,
v.
Robert Wayne HAWORTH, Jr., Special Administrator of the Estate of Robert Wayne Haworth, Sr., deceased, appellant.
No. S-99-193.
Supreme Court of Nebraska.
July 28, 2000.
*463 Robert Wayne Haworth, Jr., pro se.
Thomas J. Shomaker, of Sodoro, Daly & Sodoro, Omaha, for appellees Edward P. Huigens, M.D., and Critical Care Associates.
Brien M. Welch, of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, for appellee Alegent Health Bergan Mercy Medical Center.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
In this case, we are required to determine whether a wrongful death action alleging negligence on the part of health care providers who have elected to qualify under the Nebraska Hospital-Medical Liability Act (NHMLA), Neb.Rev.Stat. § 44-2801 et seq. (Reissue 1993 & Cum.Supp. 1996), is governed by the limitations provision of § 44-2828, which is a component of the NHMLA, or by the statute of limitations applicable to wrongful death actions set forth in Neb.Rev.Stat. § 30-810 (Reissue 1995). This question of law was presented but not reached in Healy v. Langdon, 245 Neb. 1, 511 N.W.2d 498 (1994), and is thus a matter of first impression.

BACKGROUND
Robert Wayne Haworth, Jr., is the duly appointed special administrator of the estate of Robert Wayne Haworth, Sr. (Haworth), who died on February 11, 1996. Exactly 2 years later, on February 11, 1998, the special administrator filed a notice of claim and proposed petition with the Nebraska Department of Insurance pursuant to § 44-2844. In his notice of claim, the special administrator requested that a medical review panel consider the allegations of professional negligence on the part of several health care providers who were named as defendants in the proposed petition, including Edward P. Huigens, M.D.; Critical Care Associates (Critical Care); and Alegent Health Bergan Mercy Medical Center (Alegent). The special administrator stated in his notice of claim that the proposed petition would be filed in the district court for Douglas County, Nebraska, "following completion of the medical review panel proceedings, if necessary."
In his proposed petition, the special administrator alleged that Haworth was transported to the emergency department of Bergan Mercy Hospital on the evening of January 21, 1996, with complaints of acute chest and upper abdominal pain with sweating and shortness of breath. He further alleged that Haworth was examined in the emergency department by Huigens, a physician affiliated with Critical Care, who performed certain tests and released Haworth several hours later on January 22, with a diagnosis of probable gastritis and instructions to see his own physician.
The special administrator alleged that Haworth died on February 11, 1996, of a heart attack resulting from coronary heart disease, and that his death was caused by the negligent failure of Alegent, Huigens, and Critical Care, as well as a physician and professional corporation who are not parties to this action, to correctly diagnose and treat Haworth's condition on January 21 and 22. The special administrator alleged that Huigens, Critical Care, and Alegent were qualified health care providers under the NHMLA and sought damages resulting from the wrongful death of Haworth "pursuant to provisions of Section 30-809 and Section 30-810."
On June 23, 1998, Alegent, Huigens, and Critical Care filed a petition in the district court for Douglas County, in which they alleged that more than 120 days had *464 elapsed since the filing of the notice of claim and proposed petition and that no medical review panel had been designated in accordance with the procedures set forth in § 44-2840. They further alleged that the proposed causes of action against them were time barred prior to the filing of the notice of claim and proposed petition with the Director of Insurance pursuant to § 44-2828, which provides in pertinent part:
Except as provided in section 25-213, any action to recover damages based on alleged malpractice or professional negligence or upon alleged breach of warranty in rendering or failing to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failing to render professional services providing the basis for such action, except that if the cause of action is not discovered and could not be reasonably discovered within such two-year period, the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.
Alegent, Huigens, and Critical Care prayed for a declaratory judgment determining that the special administrator's claims were time barred and, in the alternative, requested the district court to appoint a medical review panel pursuant to § 44-2841(3).
In his answer, the special administrator did not dispute the allegation that the professional services at issue were rendered on or prior to January 22, 1996. However, he denied the allegation that his claims were barred by § 44-2828 and affirmatively alleged that the proposed petition "was timely filed with the Director of the Nebraska Department of Insurance on February 11, 1998." The special administrator moved the court for "a distinct and reasonable timetable upon which the parties are to come to agreement as to appropriate selections under the Nebraska Hospital-Medical Liability Act" and for an order dismissing the petition seeking declaratory judgment on the statute of limitations issue.
Alegent, Huigens, and Critical Care filed motions for summary judgment with respect to the statute of limitations issue thus framed by the pleadings. At the hearing on the motions, the special administrator acknowledged that the proposed petition was filed pursuant to the NHMLA but contended that the applicable statute of limitations was not § 44-2828, but, rather, § 30-810, which provides that every wrongful death action as described in Neb. Rev.Stat. § 30-809 (Reissue 1995) "shall be commenced within two years after the death of such person." The district court sustained the motions for summary judgment and entered judgment for Alegent, Huigens, and Critical Care based upon its determination that § 44-2828 was the applicable statute of limitations and that pursuant thereto the causes of action asserted in the proposed petition were time barred at the time of its filing. After the special administrator's motion for new trial was overruled, he perfected this appeal and successfully petitioned to bypass the Nebraska Court of Appeals. See Neb. Rev.Stat. § 24-1106(2) (Reissue 1998).

ASSIGNMENT OF ERROR
The special administrator contends that the district court erred in finding that the applicable statute of limitations was that contained in the NHMLA, § 44-2828, as opposed to the 2-year period set forth in the wrongful death statute, § 30-810.

STANDARD OF REVIEW
Summary judgment is proper where the facts are uncontroverted and the moving party is entitled to judgment as a matter of law. Hood v. AAA Motor Club Ins. Assn., 259 Neb. 63, 607 N.W.2d 814 (2000); Neb. Account. & Disc. v. Citizens for Resp. Judges, 256 Neb. 95, 588 N.W.2d 807 (1999). In reviewing a summary judgment, an appellate court views *465 the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Rodriguez v. Nielsen, 259 Neb. 264, 609 N.W.2d 368 (2000); Neill v. Hemphill, 258 Neb. 949, 607 N.W.2d 500 (2000); Knoll v. Board of Regents, 258 Neb. 1, 601 N.W.2d 757 (1999).
A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. Schwarz v. Platte Valley Exterminating, 258 Neb. 841, 606 N.W.2d 85 (2000); Streeks v. Diamond Hill Farms, 258 Neb. 581, 605 N.W.2d 110 (2000).
The determination of which statute of limitations applies is a question of law. Reinke Mfg. Co. v. Hayes, 256 Neb. 442, 590 N.W.2d 380 (1999); Kratochvil v. Motor Club Ins. Assn., 255 Neb. 977, 588 N.W.2d 565 (1999); Jorgensen v. State Nat. Bank & Trust, 255 Neb. 241, 583 N.W.2d 331 (1998). In connection with questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. Lackawanna Leather Co. v. Nebraska Dept. of Rev., 259 Neb. 100, 608 N.W.2d 177 (2000); Maryott v. Oconto Cattle Co., 259 Neb. 41, 607 N.W.2d 820 (2000); Reinke Mfg. Co. v. Hayes, supra.

ANALYSIS
The NHMLA was enacted by the Nebraska Legislature in 1976. See 1976 Neb. Laws, L.B. 434. The legislative findings and intent are specifically set forth in § 44-2801, which provides:
(1) The Legislature finds and declares that it is in the public interest that competent medical and hospital services be available to the public in the State of Nebraska at reasonable costs, and that prompt and efficient methods be provided for eliminating the expense as well as the useless expenditure of time of physicians and courts in nonmeritorious malpractice claims and for efficiently resolving meritorious claims. It is essential in this state to [en]sure continuing availability of medical care and to encourage physicians to enter into the practice of medicine in Nebraska and to remain in such practice as long as such physicians retain their qualifications.
(2) The Legislature further finds that at the present time under the system in effect too large a percentage of the cost of malpractice insurance is received by individuals other than the injured party. The intent of sections 44-2801 to 44-2855 is to serve the public interest by providing an alternative method for determining malpractice claims in order to improve the availability of medical care, to improve its quality and to reduce the cost thereof, and to [e]nsure the availability of malpractice insurance coverage at reasonable rates.
The NHMLA permits "health care providers," defined to include physicians, hospitals, and certain other health professionals, to "qualify" under the act by filing proof of financial responsibility in a designated amount with the Director of Insurance and paying surcharges necessary to maintain the Excess Liability Fund which was created by the NHMLA. §§ 44-2803, 44-2824(1), and 44-2829. If a health care provider has taken the affirmative steps necessary to qualify under the NHMLA,
the patient's exclusive remedy against the health care provider or his or her partner, limited liability company member, employer, or employees for alleged malpractice, professional negligence, failure to provide care, breach of contract relating to providing medical care, or other claim based upon failure to obtain informed consent for an operation or treatment shall be as provided by the act unless the patient shall have elected not to come under the provisions of the act.
§ 44-2821(2). In this case, it is undisputed that Alegent, Huigens, and Critical Care had elected to qualify under the *466 NHMLA at the time of providing professional services to Haworth, and it has not been alleged or shown that Haworth elected not to come under the provisions of the NHMLA during his lifetime.
The NHMLA altered the common law in several respects, including a provision that "[n]o action against a health care provider may be commenced in any court of this state before the claimant's proposed petition has been presented to a medical review panel ... and an opinion has been rendered by the panel." § 44-2840(2). See Prendergast v. Nelson, 199 Neb. 97, 256 N.W.2d 657 (1977). The medical review panel authorized by the NHMLA consists of two physicians designated by the parties, a third physician designated by the physicians selected by the parties, and, if one of the parties is a hospital, a hospital administrator selected by that party. § 44-2841(2). The nonvoting chair of the review panel is an attorney selected by the parties. § 44-2841(1) and (2)(g). The medical review panel is required to consider evidence submitted by the parties and issue a written opinion as to whether the proposed defendant(s) met the applicable standard of care. §§ 44-2842 and 44-2843. Of particular significance in this case is a provision of the NHMLA that the filing of a request for review of a claim by a medical review panel operates to "toll the applicable statute of limitations for a period of ninety days following the issuance of the opinion by the medical review panel." § 44-2844(1). The claimant may affirmatively waive his or her right to a panel review and file an action in court, serving a copy of the petition or complaint upon the Director of Insurance. § 44-2840(4). In this case, the special administrator did not waive his right to a medical review panel, but, rather, specifically invoked it by his filing with the Department of Insurance on February 11, 1998.
As noted above, the issue of whether § 30-810 or § 44-2828 provides the limitations period applicable to a wrongful death action brought pursuant to the NHMLA was before us in Healy v. Langdon, 245 Neb. 1, 511 N.W.2d 498 (1994), but we did not reach it because of our determination on the facts of that case that the cause of action would not be time barred regardless of which statute were applicable. In the present case, if § 30-810 is applicable, its 2-year limitations period would not have expired when the special administrator filed his notice of claim and proposed petition with the Director of Insurance, and such filing would have tolled the statute pursuant to § 44-2844(1). However, if § 44-2828 is applicable, the 2-year limitations period from the date of the last occurrence on January 22, 1996, would have expired prior to the filing on February 11, 1998, and the claim would be time barred. Thus, we must determine which statute of limitations applies as a matter of law.
Section 44-2828, which was enacted as a part of the NHMLA in 1976, refers to "any action to recover damages based on alleged malpractice or professional negligence," but makes no specific reference to wrongful death actions. In contrast, § 30-810, which was in effect at the time of the enactment of the NHMLA, refers to wrongful death actions authorized by § 30-809, but makes no reference to medical negligence claims. In determining which of these statutes applies in the present case, we are guided by the fundamental rule that statutes shall be construed in pari materia and from their language as a whole to determine the intent of the Legislature. All subordinate rules are mere aids in reaching this fundamental determination. Hoiengs v. County of Adams, 254 Neb. 64, 574 N.W.2d 498 (1998). Also, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. Armour v. L.H., 259 Neb. 138, 608 N.W.2d 599 (2000); Ferguson v. Union Pacific RR. Co., 258 Neb. 78, 601 N.W.2d 907 (1999); Blue Valley Co-op. v. *467 National Farmers Org., 257 Neb. 751, 600 N.W.2d 786 (1999). It is our duty to discover, if possible, legislative intent from the statute itself. Georgetowne Ltd. Part. v. Geotechnical Servs., 230 Neb. 22, 430 N.W.2d 34 (1988).
Language utilized throughout the NHMLA indicates a scope inclusive of both personal injury and wrongful death actions based upon the alleged professional negligence of a qualified health care provider. For example, § 44-2822 provides in part:
Subject to the requirements of sections 44-2840 to 44-2846, a patient or his or her representative having a claim under the Nebraska Hospital-Medical Liability Act for bodily injury or death on account of alleged malpractice, professional negligence, failure to provide care, breach of contract, or other claim based upon failure to obtain informed consent for an operation or treatment may file a petition or complaint in any court of law having requisite jurisdiction.
(Emphasis supplied.) As used in this statute, "representative" is defined as "the spouse, parent, guardian, adult child, executor, administrator, trustee, attorney, or other legal agent of the patient." (Emphasis supplied.) § 44-2808. Similarly, § 44-2819(1) provides for certain credits to be applied in "any action for damages for bodily injuries or for wrongful death." (Emphasis supplied.) Subsection (2) of the same statute provides, in part, that "[i]n wrongful death actions, pecuniary loss to a widow or widower, any dependent, or next of kin shall be subject to all of the terms and provisions of sections 44-2801 to 44-2855." (Emphasis supplied.) Section 44-2825(1) specifies the maximum amount recoverable "for any occurrence resulting in any injury or death of a patient." (Emphasis supplied.)
Also pertinent to our inquiry is the established rule that the last expression of legislative will is the law. Hoiengs v. County of Adams, 254 Neb. 64, 574 N.W.2d 498 (1998); Stoller v. State, 171 Neb. 93, 105 N.W.2d 852 (1960). Applying this principle, we have stated that in case of conflicting provisions of the same statute, or in different statutes, the last in point of time or order of arrangement prevails. Hoiengs v. County of Adams, supra; Georgetowne Ltd. Part. v. Geotechnical Servs., supra. Section 30-810 was in effect long prior to the enactment of the NHMLA. See Selders v. Armentrout, 190 Neb. 275, 207 N.W.2d 686 (1973).
In determining which statute of limitations applies in a particular case, we have established the principle that a special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject matter. Reinke Mfg. Co. v. Hayes, 256 Neb. 442, 590 N.W.2d 380 (1999); Kratochvil v. Motor Club Ins. Assn., 255 Neb. 977, 588 N.W.2d 565 (1999); Murphy v. Spelts-Schultz Lumber Co., 240 Neb. 275, 481 N.W.2d 422 (1992). For example, in Swassing v. Baum, 195 Neb. 651, 658, 240 N.W.2d 24, 28 (1976), a personal injury action against a physician and his employee, we held that the special 2-year limitations period for professional negligence actions set forth in Neb.Rev.Stat. § 25-222 (Reissue 1995), took precedence over the 4-year limitations period for actions based upon unspecified torts, noting that "[a]ctions based upon professional negligence often turn upon minute and precise factual distinctions," and the purpose of § 25-222 was to ensure that such actions "would be brought shortly after the alleged negligence occurred or was discovered so that the professional could have a fair chance to defend on the merits and not find his defenses eroded by the lapse of time."
Applying these principles of statutory construction, we conclude that while § 30-810 includes a general statute of limitations applicable to wrongful death actions, § 44-2828 is a subsequently enacted special statute of limitations applicable to *468 all personal injury and wrongful death actions against health care providers who have taken the necessary steps to qualify under the NHMLA. To construe § 44-2828 as applicable to only personal injury claims and not to wrongful death claims against qualified health care providers, as urged by the special administrator, would be inconsistent with both the language of the component statutory provisions of the NHMLA read in pari materia and the articulated intent of the Legislature, as set forth in § 44-2801, to provide an "alternative method for determining malpractice claims." Accordingly, the district court did not err in determining that § 44-2828, and not § 30-810, was the applicable statute of limitations.
In his brief, the special administrator argues that application of § 44-2828 would be "violative of the due process and equal protection clauses of the United States Constitution and the Nebraska Constitution, and the Open Courts provision and the special legislation prohibition of the Nebraska Constitution." Brief for appellant at 32. However, the brief contains no assignment of error based upon the alleged unconstitutionality of the statute as applied. Errors which are argued but not assigned will not be considered by an appellate court. Schindler v. Walker, 256 Neb. 767, 592 N.W.2d 912 (1999); McLaughlin v. Hellbusch, 256 Neb. 615, 591 N.W.2d 569 (1999); Miller v. City of Omaha, 253 Neb. 798, 573 N.W.2d 121 (1998). Moreover, while the bill of exceptions reflects that the special administrator argued that § 44-2828 would be unconstitutional as applied in opposing the motions for summary judgment, this issue was neither raised by the pleadings nor specifically addressed by the district court in its orders granting the motions for summary judgment and overruling the motion for new trial. The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pled. Sherrets, Smith v. MJ Optical, Inc., 259 Neb. 424, 610 N.W.2d 413 (2000); Buffalo County v. Kizzier, 250 Neb. 180, 548 N.W.2d 757 (1996). Here, since no issue of constitutionality was raised by the pleadings, the district court quite properly did not make a ruling with respect thereto. Generally, an appellate court will not consider an issue on appeal that was not passed upon by the trial court. Torres v. Aulick Leasing, 258 Neb. 859, 606 N.W.2d 98 (2000); In re Interest of Sunshine A. et al., 258 Neb. 148, 602 N.W.2d 452 (1999). A constitutional question not properly raised in the trial court will not generally be considered on appeal. State v. Victor, 259 Neb. 894, 612 N.W.2d 513 (2000); State v. One 1985 Mercedes 190D Automobile, 247 Neb. 335, 526 N.W.2d 657 (1995), questioned on other grounds, State v. $1,947, 255 Neb. 290, 583 N.W.2d 611 (1998). These well-established principles preclude our consideration of any issue relating to the constitutionality of § 44-2828.

CONCLUSION
Based upon the undisputed facts set forth in the record, the special administrator's exclusive remedy against Alegent, Huigins, and Critical Care for the allegedly negligent diagnosis and treatment of Haworth is that provided by the NHMLA. Thus, the applicable statute of limitations is § 44-2828, and the 2-year period in which an action could be commenced under that statute must be calculated from January 22, 1996, the last date on which it is alleged that professional medical services were negligently provided to Haworth. Haworth died 20 days later, and there is no claim that the alleged negligence was not discoverable within 2 years of the occurrence of the alleged negligent acts and omissions. This being so, the limitations period had expired, and the claim was time barred when the special administrator filed the notice of claim and proposed petition *469 with the Director of Insurance on February 11, 1998. The district court therefore did not err in determining that the special administrator's causes of action were time barred, and the judgment is affirmed.
AFFIRMED.