ROGER KNUDSEN, APPELLEE, V.
MUTUAL OF OMAHA INSURANCE CO., APPELLANT.

601 N.W. 2d 725

Filed October 22, 1999.    No. S-98-204.

Patrick G. Vipond and Michael S. Degan, of Lamson, Dugan & Murray, for appellant.

Robert V. Broom, of Broom, Johnson & Clarkson, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

When Mutual of Omaha Insurance Company (Mutual) terminated disability benefits it had been paying to Roger Knudsen, he sued to obtain reinstatement of the benefits. Both parties moved for summary judgment, and the district court granted summary judgment in favor of Knudsen on the issue of liability. The court then awarded damages for past benefits to Knudsen in the amount of $52,000. On February 19, 1998, the court modified its order by awarding benefits to Knudsen so long as he continued to be disabled. Subsequently, on March 6, the court awarded Knudsen attorney fees in the amount of $18,350, and Mutual appeals.

## SCOPE OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *NECO, Inc. v. Larry Price & Assocs., ante* p. 323, 597 N.W.2d 602 (1999).

■ In reviewing an order of summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evi-

dence. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

In reviewing an order granting a motion for summary judgment, the question is not how a factual issue is to be decided, but, instead, whether any real issue of material fact exists. *NECO, Inc. v. Larry Price & Assocs., supra.*

## FACTS

Knudsen worked for Metropolitan Utilities District (MUD), and on the date of his disability, he held the position of automotive analyst. On August 5, 1983, Knudsen was placed on disability as the result of a job-related injury he suffered to his right eye. The injury caused triple vision and severe headaches that prevented Knudsen from performing his job.

At the time Knudsen was placed on disability leave, he was insured under a group policy issued by Mutual. The policy defined the term "total disability" as follows:

> TOTAL DISABILITY — a physical or mental inability to work because of an illness or accidental injury. You are totally disabled during your first 12 months of disability only if you are unable to perform the duties of your occupation; and if you do not receive pay for performing any other job. After 12 months you are totally disabled if you are unable to perform for pay any job for which you are reasonably fitted by education, training or experience.

After the initial 12-month period, Mutual determined that Knudsen was still totally disabled within the meaning of the policy because the severity of his condition rendered him unable to perform for pay any job for which he was reasonably fitted by education, training, or experience. This determination was based upon the opinion of Dr. Jack Lewis, Knudsen's personal physician, who opined that the triple vision and constant headaches suffered by Knudsen would prevent him from almost any future employment. Mutual continued to pay Knudsen total disability benefits from 1984 through 1993. During this period, Knudsen was required to submit periodic reports from his personal physician regarding the state of his current condition and prognosis. Throughout this period, Lewis continually rated Knudsen as totally disabled with no prospect of improvement.

In 1993, Mutual referred Knudsen to Dr. Kathryn Hodges, an ophthalmologist. Hodges conducted an examination of Knudsen on September 29 and concluded that he no longer suffered from triple vision, as he had lost all vision in his right eye. Additionally, she concluded that Knudsen was not totally disabled by his vision deficit and that his condition should not prevent him from reentering the work force.

On October 15, 1993, Mutual determined that Knudsen's condition no longer met the definition of a total disability within the meaning of the policy. In furtherance of this belief, Mutual ordered an occupational assessment (OASYS) study in order to obtain a sample of occupations available to an automotive mechanic with vision limited to one eye. The OASYS study compares job qualifications with known physical impairment to find occupational matches. The OASYS study concluded that Knudsen was qualified for several occupations in the automotive field. Mutual then terminated Knudsen's benefits.

Knudsen subsequently initiated this action for reinstatement of benefits. Both parties filed motions for summary judgment, and the district court granted partial summary judgment in favor of Knudsen on the issue of liability and denied Mutual's motion for summary judgment. On February 6, 1998, the court granted Knudsen's motion for summary judgment on the issue of damages and awarded damages in the amount of $52,000 plus taxable costs and attorney fees. On February 19, the court entered an order modifying its order of February 6 to state that " 'so long as the plaintiff continues to be disabled, as previously determined by the Court, he is entitled to all applicable future benefits under the disability policy issued by the defendant.' " On March 6, the court entered an order granting Knudsen attorney fees totaling $18,350. Mutual timely appeals.

## ASSIGNMENTS OF ERROR

Mutual asserts that the district court erred in (1) granting summary judgment in favor of Knudsen in light of Mutual's evidence disputing his contention that he has a total disability within the meaning of the policy; (2) not granting summary judgment in favor of Mutual, because Knudsen failed to produce sufficient evidence to meet his burden of establishing that he

was totally disabled within the meaning of the policy; (3) precluding Mutual from obtaining discovery of Knudsen's Social Security records; (4) awarding prospective damages in an action at law for breach of contract; and (5) awarding excessive attorney fees to Knudsen.

## ANALYSIS

We first address whether Knudsen was entitled to judgment as a matter of law. In reviewing an order of summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Nicholson v. General Cas. Co. of Wis.*, 255 Neb. 937, 587 N.W.2d 867 (1999).

Generally, the denial of a motion for summary judgment is not a final, appealable order. However, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct further proceedings as it deems just. *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999). Since both parties moved for summary judgment, we review the evidence to see if we may determine the controversy or direct further proceedings.

In support of his motion for summary judgment, Knudsen offered his deposition and affidavit; the deposition of Gary Suing, an employee of MUD; and the affidavit of Lewis.

In his deposition, Knudsen stated that he no longer suffered from triple vision and that he believed he was capable of performing automotive mechanic work. He admitted that he would return to his former occupation at MUD if MUD would hire him. His former position as an automotive analyst did not require him to operate heavy equipment. Knudsen also admitted he has not

applied for any job since 1984, but that other than being blind in one eye, he is able-bodied and healthy. He regularly mows his lawn and performs routine chores around the house. He tunes up his car as needed, is able to drive without difficulty, and has taken several long-distance trips without incident.

Suing testified that Knudsen was not able to return to work as an automotive mechanic. However, it was his opinion that Knudsen was capable of performing several jobs for which he was qualified based on his education, training, or experience.

Lewis stated in his deposition that he was an internist and that he deferred to the opinions and diagnoses of an ophthalmologist when questioned regarding visual improvement. He did not disagree with the testimony contained in the affidavits of Hodges and Dr. William Schlichtemeier. The only impairment he felt might limit Knudsen was his ability to operate certain types of machinery. Lewis conceded that he had no knowledge or basis for determining which types of machinery Knudsen would be required to operate or whether he could or could not operate a particular piece of equipment. Lewis clarified that all opinions he had given regarding Knudsen's disability were directed solely to the question of whether Knudsen was capable of returning to work in his former occupation at MUD and not whether he was fit to return to any work for which he was reasonably qualified.

The evidence offered by Knudsen did not establish that he is entitled to judgment as a matter of law that he is unable to perform for pay any job for which he is reasonably fitted by education, training, or experience. Therefore, the district court erred in granting summary judgment in favor of Knudsen.

We next address Mutual's motion for summary judgment. Mutual offered the testimony of Hodges and Schlichtemeier. Hodges, an ophthalmologist, conducted an examination of Knudsen on September 29, 1993. Hodges' examination revealed that Knudsen's cataract had progressed to the extent that he was totally blind in his right eye. Because of the blindness, Knudsen no longer suffered from triple vision in that eye. Hodges determined that Knudsen's left eye had perfect vision and that Knudsen was in otherwise good health. Hodges reported that in her opinion, Knudsen was no longer totally disabled, and he was

cleared to reenter the work force with appropriate depth perception limitations. Hodges opined that Knudsen could return to certain areas in the field of automotive mechanics that did not rely heavily on depth perception.

Schlichtemeier had previously treated Knudsen, and after reviewing Knudsen's medical records and the report issued by Hodges, he concluded that since Knudsen was no longer suffering from triple vision or severe headaches, there no longer existed any physical impairment which would prevent Knudsen from returning to work. Schlichtemeier noted Knudsen was a healthy, able-bodied adult who suffered from blindness in one eye but had perfect vision in the other. Schlichtemeier testified that he had treated many single-sighted patients and was aware of several others who were employed full time in a variety of fields. He stated that after reviewing the job requirements furnished by Knudsen's former employer, it was his opinion that Knudsen would not be physically impaired from performing any of the requirements or duties of an automotive analyst as defined by MUD.

Mutual also offered evidence of an OASYS study it had conducted. The study compared Knudsen's single-sighted disability with his education and training as an automotive mechanic against a field of 1,868 occupations. The study identified 18 occupational matches for Knudsen in several different career fields, including automotive mechanics.

In reviewing an order granting a motion for summary judgment, the question is not how a factual issue is to be decided, but, instead, whether any real issue of material fact exists. *NECO, Inc. v. Larry Price & Assocs., ante* p. 323, 597 N.W.2d 602 (1999).

Knudsen's work experience was limited to the field of automotive mechanics. We conclude that there exists a material question of fact whether Knudsen can perform for pay any job for which he is reasonably fitted by education, training, or experience, and therefore, the district court correctly denied Mutual's motion for summary judgment.

We next address whether the district court erred in precluding Mutual from discovering Knudsen's Social Security records. When Mutual learned that Knudsen had sought disability status

in order to obtain Social Security benefits and had been denied benefits, Mutual sought to obtain discovery of information regarding the Social Security. Knudsen was requested to produce any documents relating to his claim and to request his counsel to allow Mutual access to Knudsen's Social Security records. Knudsen objected on the ground that the request for information regarding his Social Security claim was "not relevant to the instant action and . . . not designed to lead to the discovery of relevant evidence." Mutual filed a motion to compel, and following a hearing on the matter, the court sustained Knudsen's objection on the ground that the materials were not relevant to the case.

■ Generally, the control of discovery is a matter for judicial discretion. *State ex rel. Acme Rug Cleaner v. Likes*, 256 Neb. 34, 588 N.W.2d 783 (1999). Therefore, the question is whether the district court abused its discretion in denying Mutual access to Knudsen's Social Security records on the ground that such records were not relevant to the case.

Neb. Ct. R. of Discovery 26 (rev. 1996) controls our decision in this matter. Under rule 26(b)(1), the standard is not whether a discovery request inquires into matters which are not relevant or otherwise admissible in the trial of the matter, but whether the request is "reasonably calculated to lead to the discovery of admissible evidence." See, also, *State ex rel. Acme Rug Cleaner v. Likes, supra.* We determine that Knudsen's Social Security file may contain admissions, medical findings, or other determinations that might reasonably lead to the discovery of admissible evidence. Therefore, upon retrial of this matter, the district court shall permit Mutual to inquire into Knudsen's Social Security hearing and matters related thereto.

## CONCLUSION

Having concluded that there is a material issue of fact which prevents summary judgment as a matter of law in favor of either party, we reverse the judgment of the district court, including its award of attorney fees, and remand the cause for further proceedings in accordance with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

STEPHAN, J., not participating.