PATTI BATES, APPELLANT, V. DESIGN OF THE TIMES, INC.,
A NEBRASKA CORPORATION, APPELLEE.

622 N.W. 2d 684

Filed March 9, 2001.   No. S-99-673.

Steven D. Davidson, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Michael G. Mullin, of McGrath, North, Mullin & Kratz, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Appellant, Patti Bates, brought this negligence action, claiming that she suffered a brain stem stroke as a result of the manner in which her hair was rinsed at the beauty salon of appellee, Design of the Times, Inc. (DOTT). DOTT filed a motion for summary judgment, which was granted by the trial court on the ground that Bates' medical evidence was insufficient to create an issue of fact regarding causation and, further, on the basis that there was insufficient evidence of a breach of duty on the part of DOTT. The Nebraska Court of Appeals, with one judge dissenting on the breach of duty issue, concluded that the trial court erred in finding that the medical evidence was insufficient. See *Bates v. Design of the Times, Inc.*, 9 Neb. App. 260, 610 N.W.2d 41 (2000). However, the Court of Appeals affirmed the trial court's granting of summary judgment on the ground that there was no evidence of a breach of duty which had a causal connection with Bates' stroke. Bates filed a petition for further review to this court on the sole issue that the Court of Appeals erroneously concluded that "there is no evidence whatsoever of a breach of duty which had a causal connection with Bates'

stroke." *Id.* at 268, 610 N.W.2d at 47. We accepted further review on this issue.

## BACKGROUND

On March 11, 1995, Bates went to DOTT to get a permanent wave. Bates' stylist, Michelle Havorka, delegated the task of rinsing Bates' hair to a "technician," M'Lissa Golden, who directed Bates to lean back in a chair with her head extended over a rinsing bowl. Bates stated in her deposition that she experienced some discomfort while her head was extended over the sink and that after approximately 1 to 2 minutes, she lifted her head to relieve the discomfort. Bates did not say anything to Golden at that time. Golden placed her hand on Bates' forehead and said, "You're okay, you're fine," or something to that effect, and pushed Bates' head back down. Bates said she again felt discomfort and, after about another 1 or 2 minutes, she lifted her head again from over the sink. This time Golden asked, "What are you doing?" Bates replied that she was lifting her head so that Golden could rinse the rollers at the base of her neck. Golden replied that she had already done so. Bates did not verbalize any discomfort to Golden at that time. Bates put her head back down without Golden's assistance, and the rinsing continued. Bates stated that at some point, Havorka walked by, and Golden asked her how long she should rinse Bates' hair. Havorka told Golden to rinse it about 5 minutes. Bates stated that Golden then set a timer, but that she did not see the time Golden entered on the timer. Bates estimated that the rinsing lasted a total of 8 minutes.

Bates filed this negligence action, claiming that Golden failed to notice her discomfort and then relieve her discomfort while she was in a reclining position with her head over a sink and that as a result, she suffered an occluded vertebral artery which later developed into a stroke. On the motion for summary judgment, the trial court first found that Bates' medical evidence was insufficient to create an issue of fact regarding causation. The trial court also determined that the evidence did not show a breach of duty and noted that "[t]here is no evidence that the manner in which Golden hyperextended — placing [Bates'] head into the sink to begin the rinsing procedure — was done contrary to the standards of the industry."

The Court of Appeals concluded that the medical evidence was sufficient to create a factual issue regarding causation, but affirmed the trial court's judgment on the ground that there was no evidence of a breach of duty that had a causal connection with Bates' stroke. We granted Bates' petition for further review on the latter issue.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *McDonald v. DeCamp Legal Servs.*, 260 Neb. 729, 619 N.W.2d 583 (2000).

Where the facts are undisputed or are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the trial court to decide the question as a matter of law rather than submit it to the jury for determination. *Fraternal Order of Police v. County of Douglas*, 259 Neb. 822, 612 N.W.2d 483 (2000).

## ANALYSIS

The only issue before us is whether the record contains sufficient evidence to create a genuine issue of material fact for the jury's determination of breach of duty. The Court of Appeals determined that because Bates failed to verbalize her complaints to Golden, no reasonable person in Golden's position "could be expected to know that Bates was in such discomfort that she was being injured." *Bates v. Design of the Times, Inc.*, 9 Neb. App. 260, 266, 610 N.W.2d 41, 46 (2000). The Court of Appeals found that there was no evidence whatsoever of a breach of duty. The dissent disagreed with the majority's conclusion that a reasonably prudent cosmetologist, as a matter of law, should not be expected to conclude that Bates' actions indicated discomfort. The dissent pointed out that it was DOTT, not Bates, who had the superior knowledge that positioning a person's head in a laid-back posture over the sink could lead to a stroke. The dissent concluded that there existed a genuine issue of material fact as to whether Bates' actions would put a reasonable cosmetologist on notice that a customer was experiencing pain or that an appropriate and reasonable inquiry was called for given the facts of this case.

In order to prevail on a negligence action, a plaintiff must establish the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). The duty in a negligence case is to conform to the legal standard of reasonable conduct in light of the apparent risk. *Turner v. Fehrs Neb. Tractor & Equip.*, 259 Neb. 313, 609 N.W.2d 652 (2000). In this case, the parties concede that DOTT owed Bates such a duty.

To survive summary judgment, Bates must also put forth evidence of a breach of the duty owed. A cause of action for negligence depends upon the breach of a duty by the defendant to use due care to avoid injury to the plaintiff. *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980).

In opposition to DOTT's motion for summary judgment, Bates introduced exhibit 10, which is the affidavit of Martin Lyal McCaig, the president of the Capitol School of Hairstyling and Esthetics. McCaig was retained as an expert witness on Bates' behalf. The McCaig affidavit states in part as follows:

> 3. One of my opinions is that M'Lissa Golden failed to respond as would be expected of a reasonably prudent cosmetologist to Ms. Bates' indications of discomfort during the rinsing procedure on March 11, 1995, by stopping the procedure or taking other appropriate steps to assure the comfort and safety of Ms. Bates.

> 4. Some of the "other appropriate steps" which a reasonably prudent cosmetologist would taken [sic] in such circumstances include the following: asking a supervisor for assistance; placing a towel or pad underneath the customer's neck; rinsing the customer in a face-down position, or; supporting the customer's head with the stylist's hand.

> 5. Each of these possibilities would have, in my opinion, resulted in a change in the position of Ms. Bates' head in the rinsing sink to a position which would have been more comfortable for Ms. Bates, and which would not have required the hyperextension of her head and neck in a face-up position in the rinsing sink.

In reviewing an order granting a motion for summary judgment, the question is not how a factual issue is to be

decided, but, instead, whether any real issue of material fact exists. *Knudsen v. Mutual of Omaha Ins. Co.*, 257 Neb. 912, 601 N.W.2d 725 (1999); *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999). We hold that McCaig's affidavit creates a genuine issue of material fact. McCaig's affidavit states that Golden failed to respond as would a reasonably prudent cosmetologist to Bates' indications of discomfort during the rinsing procedure and that a reasonably prudent cosmetologist would have stopped the procedure or taken other appropriate steps to ensure Bates' safety. If McCaig's testimony is to be believed, then the trier of fact could find for Bates. Whether McCaig is to be believed or not is a question for the trier of fact and cannot be decided on summary judgment.

For this reason, we reverse the decision of the Court of Appeals which affirmed the trial court's granting of DOTT's motion for summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.