JANET L. SHAUL, GARDEN COUNTY ASSESSOR, APPELLEE,
v. CATHERINE D. LANG, PROPERTY TAX
ADMINISTRATOR, APPELLANT.
640 N.W.2d 668

Filed March 22, 2002.   No. S-01-248.

Don Stenberg, Attorney General, and Michael J. Goodwillie, Special Assistant Attorney General Counsel, for appellant.

Phillip E. Pierce, Garden County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Catherine D. Lang, Property Tax Administrator (the PTA), appeals from a decision of the Tax Equalization and Review Commission (TERC). TERC found the selling price of certain transactions of real property should be adjusted before being included in a qualified agricultural sales roster because the buyer owned adjoining land. We find that no such adjustment is permissible and therefore reverse the decision of TERC and remand the cause with directions.

## BACKGROUND

The Department of Property Assessment and Taxation maintains the qualified agricultural sales roster (hereinafter the sales file), a database of all arm's-length sales of real property in Nebraska transacted over a 3-year period. The data gathered and compiled to form the sales file provides statistical information regarding the level and quality of assessment by county and school district for any class or subclass of real property. This information is used for a variety of purposes, such as measuring assessment uniformity in each county, analyzing intracounty and intercounty comparisons, and determining school-adjusted values for state aid to education.

In 2000, Janet L. Shaul, Garden County assessor, filed protests with the PTA over the PTA's inclusion in the sales file of 19 sales

transactions of agricultural real property. Shaul requested that several of the transactions be excluded entirely from the sales file because they were not arm's-length transactions. Shaul requested that the sales prices of several other transactions be reduced by $25 per acre because (1) the buyer owned adjoining property and therefore paid more than market value for the land or (2) the significant number of acres purchased rendered these transactions atypical of Garden County. The PTA denied all of Shaul's protests, who appealed the PTA's decisions to TERC.

TERC released its findings regarding the 19 transactions in five separate orders, only one of which is at issue in this appeal. That order, filed on February 1, 2001, addressed six sales of property identified as cases Nos. 00PT-16, 00PT-17, 00PT-18, 00PT-20, 00PT-28, and 00PT-30. In that order, TERC reversed the PTA and held that the sales prices of the six aforementioned parcels of agricultural real property should be reduced by $25 per acre before inclusion in the sales file. TERC found that

> professionally accepted mass appraisal methodologies allow for an adjustment in the sale price to account for the acquisition of adjoining land. Nebraska state law also recognizes this principle, and specifically expands the principle to allow for the acquisition of land located within one-mile of the buyer's existing property. Neb. Rev. Stat. §77-1371(2000 Cum. Supp.).

The PTA filed a petition for review, pursuant to Neb. Rev. Stat. § 77-5019 (Cum. Supp. 2000), of TERC's decision to the Nebraska Court of Appeals, and we moved the case to our docket pursuant to our authority to regulate the caseloads of the Court of Appeals and this court.

## ASSIGNMENT OF ERROR

The PTA assigns, restated, that (1) TERC misapplied several statutes when ordering an adjustment to the selling price of the six parcels and (2) TERC's findings were unsupported by the evidence.

## STANDARD OF REVIEW

Section 77-5019(5) provides that appellate review of a decision by TERC shall be conducted for error on the record of TERC. When reviewing a judgment for errors appearing on the

record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 262 Neb. 578, 635 N.W.2d 413 (2001).

## ANALYSIS

In her first assignment of error, the PTA argues that adjusting the selling price of property before inclusion in the sales file is contrary to the statutes governing the sales file, none of which allow for such an adjustment.

Neb. Rev. Stat. § 77-1372 (Cum. Supp. 2000) provided for the compilation and contents of the sales file as follows:

> All transactions of real property for which the statement required in section 76-214 is filed shall be available for development of a sales file for analysis of level of value and quality of assessment for purposes of section 77-5027 and for use by assessing officials in establishing assessed valuations. All transactions with stated consideration of more than one hundred dollars or upon which more than one dollar and seventy-five cents in documentary stamp taxes are paid shall be considered sales. All sales shall be deemed to be arm's length transactions unless determined to be otherwise. The Department of Property Assessment and Taxation shall not overturn a determination made by a county assessor regarding the qualification of a sale unless the department reviews the sale and determines through the review that the determination made by the county assessor is incorrect.

We note that § 77-1372 was repealed by the Legislature, effective April 5, 2001, and was recodified at Neb. Rev. Stat. § 77-1327(2) (Supp. 2001). See 2001 Neb. Laws, L.B. 170.

The real property transactions eligible for inclusion in the sales file are those transactions for which the statement required by Neb. Rev. Stat. § 76-214 (Cum. Supp. 2000) is filed. This statement is filed with the register of deeds, and its contents are prescribed by the PTA. Among the information required to be in this statement is the total consideration paid for the property. § 76-214(1). It is thus apparent that for those transactions initially eligible for inclusion in the sales file, the price to be included in

the sales file is the total consideration paid as listed on the statement described in § 76-214(1).

Shaul argues that the six transactions at issue here are "atypical" of Garden County because of the large number of acres purchased. Brief for appellee at 21. While that may be true, whether a transaction is made at arm's length is not dependent upon the number of acres purchased. Both the PTA and Shaul agree that these six transactions should be included in the sales file. Thus, both parties concede that the transactions are arm's-length transactions.

Shaul argues that TERC correctly found statutory authority for ordering an adjustment to the sale prices in Neb. Rev. Stat. § 77-1371 (Cum. Supp. 2000), which provides in pertinent part:

> When using comparable sales in any method of determining actual value provided in section 77-112, the following guidelines shall be considered in determining what constitutes a comparable sale:
>
> . . . .
>
> (3) For sales of agricultural land or horticultural land as defined in section 77-1359, whether a premium was paid to acquire nearby property. Land within one mile of currently owned property shall be considered nearby property.

We determine that TERC's determination does not conform to the law because § 77-1371(3) pertains to determining actual value for purposes of taxation when a comparable sales methodology is used. Section 77-1371(3) does not pertain to a compilation of a sales file under § 77-1372.

It is not within the province of the courts to read a meaning into a statute that is not there. *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001).

Based on the record in this case, we determine that the decision of TERC to adjust the value of the land by lowering the same $25 per acre did not conform to the law.

## CONCLUSION

For the reasons set forth above, we reverse the decision of TERC and remand the cause to TERC with directions to reinstate the decision of the PTA to include the sales price of the real estate in question in the sales file without the adjustments made by Shaul.

REVERSED AND REMANDED WITH DIRECTIONS.