IN RE ESTATE OF GEORGE R. PFEIFFER, DECEASED.
HENRIETTA PFEIFFER, APPELLEE, V. CONNIE L. FRATES AND
CHIRLE R. TJADEN, COPERSONAL REPRESENTATIVES, APPELLANTS.

658 N.W.2d 14

Filed March 14, 2003.   No. S-01-1401.

Edward D. Steenburg, of McQuillan, Steenburg & McQuillan, P.C., for appellants.

Allen L. Fugate for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

This is an appeal from a probate proceeding in which the county court granted partial summary judgment in favor of appellee, Henrietta Pfeiffer. The county court determined that Henrietta was a surviving spouse for purposes of elective share, homestead allowance, exempt property, and family allowance. Appellants, Connie L. Frates and Chirle R. Tjaden, copersonal representatives of the estate of George R. Pfeiffer, appealed. We granted appellants' petition to bypass, and we affirm.

## BACKGROUND

George married Henrietta on December 17, 1973. In November 1999, George executed a will purporting to disinherit his wife. In February 2000, George petitioned for legal separation from Henrietta, which Henrietta contested. There was a trial, and a decree of separation was entered on June 26, 2000. The court divided the property of the parties since the parties were not able to agree on the division of property themselves. The decree offset to George the sum of $426,942, representing his equity in land, equipment, and cattle he brought into the marriage. Included in the decree was a list of assets that each party was to receive. The decree also ordered George to pay Henrietta $63,668.12 "to equalize the division of property." George paid the monetary judgment, and Henrietta filed a satisfaction of judgment in August 2000.

George died on March 18, 2001. Probate was filed, and appellants, George's daughters from a previous marriage, were appointed as copersonal representatives of his estate. Henrietta filed a petition for elective share and a petition for homestead allowance, exempt property, and family allowance. Appellants filed a motion for summary judgment requesting the court to dismiss Henrietta's petitions. In October, Henrietta filed a motion for partial summary judgment on the issue as to whether she was a surviving spouse for purposes of an elective share, homestead allowance, exempt property, and family allowance. In her affidavit in support of summary judgment, Henrietta alleged that the decree did not divide $426,942 of the property. In their answer, appellants alleged that the $426,942 referenced by Henrietta was distributed by the court in the decree by setoff to George as property he brought into the marriage.

The county court, in its order dated November 28, 2001, found that Henrietta was a " 'surviving spouse' " for purposes of elective share, homestead allowance, exempt property, and family allowance. The court found Neb. Rev. Stat. §§ 30-2316(d) and 30-2353(b)(3) (Reissue 1995) to be inapplicable to this case.

## ASSIGNMENTS OF ERROR

Appellants assign, rephrased, that the county court erred (1) in finding that the decree of separation entered by the district court did not constitute a waiver of the rights to elective share, homestead allowance, exempt property, and family allowance; (2) in finding that Henrietta was a surviving spouse for purposes of elective share, homestead allowance, exempt property, and family allowance as defined in chapter 30, article 23, of the Nebraska Probate Code; (3) by ordering that appellants were not entitled to summary judgment in connection with the petition filed by Henrietta for elective share, homestead allowance, exempt property, and family allowance; and (4) by ordering that Henrietta was entitled to partial summary judgment in connection with her petitions for elective share, homestead allowance, exempt property, and family allowance.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no

genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Day v. Heller*, 264 Neb. 934, 653 N.W.2d 475 (2002). In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999); *Dvorak v. Bunge Corp.*, 256 Neb. 341, 590 N.W.2d 682 (1999). Generally, the denial of a motion for summary judgment is not a final, appealable order. However, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct further proceedings as it deems just. *Neff Towing Serv. v. United States Fire Ins. Co.*, 264 Neb. 846, 652 N.W.2d 604 (2002); *Knudsen v. Mutual of Omaha Ins. Co.*, 257 Neb. 912, 601 N.W.2d 725 (1999).

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Jacobson v. Solid Waste Agency of Northwest Neb.*, 264 Neb. 961, 653 N.W.2d 482 (2002); *Shirley v. Neth*, 264 Neb. 138, 646 N.W.2d 587 (2002); *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

## ANALYSIS

There are two issues presented on appeal: first, whether Henrietta is *not* a surviving spouse as defined by § 30-2353(b)(3), and second, whether Henrietta waived her statutory rights as defined by § 30-2316(d).

### SURVIVING SPOUSE

Nebraska has adopted a portion of the Uniform Probate Code. Section 30-2353 of the Nebraska Probate Code, which is substantially the same as Unif. Probate Code § 2-802, 8 U.L.A. 210 (1998), specifically sets forth who is *not* a surviving spouse as follows:

(a) An individual who is divorced from the decedent or whose marriage to the decedent has been dissolved or annulled by a decree that has become final is not a surviving spouse unless, by virtue of a subsequent marriage, he is married to the decedent at the time of death. *A decree of separation which does not terminate the status of husband and wife is not a divorce for purposes of this section.*

(b) For purposes of parts 1, 2, 3, and 4 of this article and of section 30-2412, a surviving spouse does not include:

. . . .

(3) *an individual who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights against the decedent.*

(Emphasis supplied.)

Section 30-2353(a) clearly states that a decree of separation is not a divorce. Appellants do not allege that George and Henrietta were divorced, and they admit that Henrietta was married to George at the time of his death. However, appellants allege that Henrietta is not a surviving spouse as defined by § 30-2353(b)(3). Appellants contend that Henrietta was a party to a valid proceeding which terminated all marital property rights against the decedent. Therefore, appellants assert that Henrietta is not a surviving spouse.

The county court found § 30-2353(b)(3) inapplicable to this case. The county court held that the decree of separation at issue in this case did not contain language "purporting to 'terminate all marital property rights' " as expressly required by this section. We agree.

The decree of separation ordered George and Henrietta to live separately and apart. The county court found the decree to offset to George some property brought into the marriage in the total sum of $426,942. The decree also awarded several property items to George and Henrietta respectively. Finally, the court ordered that George shall pay to Henrietta the sum of $63,668.12 "in order to equalize the division of property." We find no language in the decree that definitively states that the property awards are not subject to any claim by the other party or that makes mention of the marital interest of either party in the property that was divided. We decline to read any such language into the court's decree.

Since we find no language in the order purporting to terminate all marital property as required by § 30-2353(b)(3), we determine that this section is inapplicable to this case. As such, Henrietta is a surviving spouse for purposes of elective share, homestead allowance, exempt property, and family allowance.

WAIVER

Section 30-2316 of the Nebraska Probate Code, which is substantially the same as Unif. Probate Code § 2-213, 8 U.L.A. 129 (1998), specifically sets forth the statutory provisions pertaining to waiver of the rights to elective share, homestead allowance, exempt property, and family allowance and provides in relevant part:

> (a) The right of election of a surviving spouse and the rights of the surviving spouse to homestead allowance, exempt property, and family allowance, or any of them, may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver signed by the surviving spouse.
>
> . . . .
>
> (d) Unless it provides to the contrary, a waiver of "all rights", or equivalent language, in the property or estate of a present or prospective spouse or *a complete property settlement entered into after or in anticipation of separation, divorce, or annulment is a waiver of all rights to elective share, homestead allowance, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits that would otherwise pass to him or her from the other by intestate succession or by virtue of any will executed before the waiver or property settlement.*

(Emphasis supplied.) We also note Unif. Probate Code § 2-802, comment, 8 U.L.A. 211 (1998), (the model for Nebraska Probate Code § 30-2353, which we discussed previously) specifically states, "Where there is only a legal separation, rather than a divorce, succession patterns are not affected; but if the separation is accompanied by a complete property settlement, this may operate under Section [30-2316] as a waiver or renunciation of benefits under a prior will and by intestate succession." We must

now determine whether a legal separation accompanied by a court-ordered division of property constitutes a waiver as promulgated by § 30-2316(d).

The county court found § 30-2316(d) inapplicable to this case. The court read § 30-2316(d) to require the parties to agree to the property settlement and to include a waiver by the spouse as to his or her rights to elective share. The court found no evidence in the record to support the argument that the parties entered into an agreed property settlement or that Henrietta had waived her rights to elective share. The property division was not by settlement between the parties, but was the decision of the trial court in a contested matter. Therefore, the county court found § 30-2316(d) clearly not applicable to the decree of separation.

On appeal, appellants maintain that the decree of separation fits within the definition of § 30-2316(d) as a complete property settlement entered into after or in anticipation of separation, divorce, or annulment and as such constitutes a waiver of all rights to elective share, homestead allowance, exempt property, and family allowance. Appellants argue subsection (d) does not contain language requiring an "agreement" of the parties. They argue this language is found only in subsection (a), which they do not rely on. Appellants assert that a contested separation which forces the court to divide the marital property should not change the decree's effect on waiver of such rights. In essence, appellants urge this court to interpret subsection (d) as an implied waiver absent an agreement by the parties. We decline to do so.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Interest of J.K., ante* p. 253, 656 N.W.2d 253 (2003); *Henderson v. Henderson,* 264 Neb. 916, 653 N.W.2d 226 (2002). It is not within the province of the courts to read a meaning into a statute that is not there. *Shaul v. Lang,* 263 Neb. 499, 640 N.W.2d 668 (2002); *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.,* 260 Neb. 905, 620 N.W.2d 90 (2000); *Ramsey v. State,* 259 Neb. 176, 609 N.W.2d 18 (2000). Section 30-2316(d) states that "a complete property *settlement* entered into after or in anticipation of separation . . . is a waiver of all rights." (Emphasis supplied.)

Henrietta contested the legal separation. Subsequently, the court ordered a disposition of property in the decree of separation. These two facts show conclusively that the parties could not agree on a property settlement. Since we find no settlement entered into as prescribed by the plain meaning of the words, we agree with the county court's findings that § 30-2316(d) is inapplicable to this case. The term "settlement" implies a meeting of the minds of the parties to a transaction or controversy; an adjustment of differences or accounts, or a coming to an agreement. *Horace Mann Cos. v. Pinaire*, 248 Neb. 640, 538 N.W.2d 168 (1995). The decree of separation does not constitute a waiver as promulgated by the statute.

## CONCLUSION

We conclude that the county court did not err in granting partial summary judgment to Henrietta. We conclude that Henrietta is a surviving spouse for purposes of elective share, homestead allowance, exempt property, and family allowance. We therefore affirm the decision of the county court.

AFFIRMED.